# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TORREZ MOORE and FREDERICKA MOORE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Case No. 06 C 3202 |
| CHASE HOME FINANCE, LLC, Successor by Merger to Chase Manhattan Corporation/ Codilis and Associates, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant's, Chase Home Finance, LLC's, Motion to Dismiss the Plaintiffs', Torrez and Fredericka Moore's, Amended Complaint.

## BACKGROUND

A reading of the Amended Complaint, and considering matters of public record, supports the following summary of the alleged operative conduct of the parties.

Defendant filed a foreclosure lawsuit against the Plaintiffs in the Circuit Court of Cook County. In November 2005, the state court entered a judgment for foreclosure and sale. In January 2006, the Plaintiffs (then state court defendants) filed a "Motion to Vacate Void Judgment and Orders," which was stricken by the state court judge. Also in January 2006, the Plaintiffs filed an appeal of the foreclosure judgment with the Illinois Court of Appeals, which is currently pending.

On February 2, 2006, the Plaintiffs sought to remove the foreclosure case to the United States District Court for the Northern District of Illinois, in case number 06 C 0559. The case was assigned to Judge Shadur, who dismissed the matter for lack of jurisdiction.

On February 14, 2006, the property at issue in the state court foreclosure case was sold to a third-party at a foreclosure sale. On February 23, 2006, a final order approving the sale was entered.

On July 19, 2006, the Plaintiffs filed the present lawsuit in the Northern District of Illinois. On November 21, 2006, Plaintiffs filed an Amended Complaint (titled "Amended Affidavit to Appellants [sic] Brief"), which is the subject of the pending motion to dismiss. Generally, the allegations of Plaintiffs' Amended Complaint are difficult to understand. It is clear, however, that Plaintiffs seek to overturn the state court foreclosure action. Specifically, on page 12 of Plaintiffs' Amended Complaint, Plaintiffs request the dismissal of the state court case, assert that the judgment for foreclosure and sale is void, assert that insufficient evidence was introduced in support of the state court judgment, and assert that Defendant has failed to prove the existence of the promissory note and mortgage in the state court action.

## ANALYSIS

When reviewing a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. See *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Generally, a plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. See *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to

prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513. Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), this court obtains jurisdiction over the subject matter when either (1) a federal question arises because the complaint alleges a cause of action under the Constitution, laws, or treaties of the United States, 28 U.S.C. §1332, *Meister v. Mesinger*, 2005 U.S. Dist. LEXIS 13356, 8 (N.D. Ill. 2005); or (2) complete diversity of citizenship exists between the plaintiffs and the defendants, and more than $75,000.00 is in controversy, 28 U.S.C. §1332(a).

*Review of State Court Judgments*

The Defendant asserts that this Court lacks subject matter jurisdiction over Plaintiffs' Amended Complaint. Defendant moves for dismissal of all claims brought by the Plaintiffs that seek the reversal of state court judgments, arguing that this Court lacks subject-matter jurisdiction to entertain any of Plaintiffs' claims.

Under the *Rooker-Feldman* doctrine, it is well settled that a federal district court lacks original subject-matter jurisdiction to review state court judgments and may not entertain suits seeking to set aside state court rulings. *Gash Assoc. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993) (*Gash*), *citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *see also Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d

3

723, 728 (7th Cir. 2001) (*Edwards*). The doctrine applies to claims that are actually raised before a state court and claims that are inextricably intertwined with a state court determination. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999) (*Long*).

In determining the applicability of the *Rooker-Feldman* doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Long*, 182 F.3d at 555, *quoting Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701-02 (7th Cir. 1998). In determining whether the alleged injury is inextricably intertwined, the court focuses on whether it is being called upon to review the state court decision. *Edwards*, 261 F.3d at 729. Here, Plaintiffs clearly seek to overturn the state court judgment. As noted earlier, Plaintiffs explicitly request the review and the dismissal of the state court action.

In an attempt to find a jurisdictional foothold, Plaintiffs cite 42 U.S.C. § 1983 and 18 U.S.C. § 242, both civil rights statutes. However, even where a state court judgment is erroneous and may have been entered following procedures said to be unconstitutional, pursuit of a Section 1983 or civil rights action that effectively constitutes a collateral attack on a state court judgment is not permitted in a federal district court. *Garry v. Geils*, 82 F.3d 1362, 1366 n5 (7th Cir. 1996); *see also Gash*, 995 F.2d at 728. Review of state court decisions is reserved exclusively to the appellate courts of the various states or the U.S. Supreme Court upon a grant of a writ of *certiorari*. *See Gash*, 995 F.2d at 728; *Edwards*, 261 F.3d at 728.

Here, the Plaintiffs specifically ask to set aside all adverse state court rulings allegedly entered against them illegally. Therefore, the suit must be dismissed for lack of jurisdiction where it is brought by a plaintiff asserting an injury at the hands of the state resulting from an adverse ruling made by the state court. *See Garry*, 82 F.3d at 1368, n12. Where a grant of relief

4

by a federal district court would have the effect of voiding a state court ruling, adjudication of the claim by a district court is barred. *Levin v. Attorney Registration and Disc. Commn.*, 74 F.3d 763, 766 (7th Cir. 1996).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted.

Dated: April 11, 2007

JOHN W. DARRAH
United States District Court Judge